it appearing that the plaintiff did not find a purchaser for the purchase price agreed upon but that he procured a purchaser who made an offer of some kind, and there was no evidence to show an acceptance of the offer.

Charles S. Quinlan and Howell N. Tyson, copartners as Quinlan & Tyson, Appellees, v. Mary E. Towle, Appellant.

### Gen. No. 19,295. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. FRANK G. PLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed on remittitur. Opinion filed March 31, 1914.

### Statement of the Case.

Action by Charles S. Quinlan and Howell N. Tyson, copartners doing business as Quinlan & Tyson, against Mary E. Towle to recover commissions and certain expenses incurred in procuring a purchaser for real estate for defendant. The title to the property became vested in four heirs of Mrs. E. J. Towle, deceased, of whom defendant was one, each having an undivided one-fourth interest therein. At the time of the transaction in question, one of the heirs had died and her title was vested in her minor children subject to her husband's dower rights. One Miss Bartelme was the guardian of said children. The defendant had a power of attorney for the management of the property, but not for its sale. One Mrs. Anderson, desiring to purchase the property, was referred by the defendant to plaintiff's manager, as her agent, who took up and carried on negotiations resulting in a contract of sale, drawn by the manager and signed by the defendant and Mr. and Mrs. Anderson. Underneath defendant's

signature were the words, "Attorney in fact for the estate of Mrs. E. J. Towle, Dec'd." Plaintiff's recovered a judgment for two hundred and seventy-five dollars, including a bill of forty dollars for a guaranty policy paid for by the plaintiffs, and a claim for two hundred and thirty-five dollars as commissions. From the judgment, defendant appeals.

FRANK W. SWETT, for appellant.

GEORGE W. HESS, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 33*—*right to commissions when principal has no authority to sell.* Decisions holding that one contracting to sell real estate he does not own may become liable for commissions for procuring a purchaser are distinguishable from a case where the broker assists his principal in making a contract which he knows his principal has no power to carry out.

2. BROKERS, § 33*—*right to commissions when brokers know of principal's want of authority to sell.* In an action to recover commissions for procuring a purchaser of real estate in which the principal and others, some of which were minor heirs, had an interest, *held* that a judgment for plaintiff could not be sustained, the evidence showing that the plaintiffs knew of the interest of the minor heirs and was chargeable with knowledge of the principal's want of authority to sell and convey the interests of all the parties, and it appearing that the plaintiffs proceeded in the negotiations not upon the assertion of any claim by the principal that she had authority to convey their interests but upon the contingency of her ability to acquire leave to sell the minors' interests and to obtain a conveyance from the other tenants in common.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.